HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SUSAN RANTS

                Plaintiff,

      v.

WHPACIFIC INC., a for-profit Alaska Corporation operating in facilities in Washington,

                Defendant.

Case No. C10-05273 RBL

ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT

    This matter is before the Court on the Plaintiff's Motion to file an Amended Complaint. [Dkt. #11]. Plaintiff seeks to add as Defendants NANA Development Corporation (NDC) and NANA Regional Corporation (NRC). Plaintiff's claims are based on alleged disability discrimination. Plaintiff asserts that she was employed jointly by WHPacific, NDC, and NRC. NRC is a Regional Alaska Native corporation formed in 1971. NRC wholly owns NDC, an investment management company. NDC wholly owns WHPacific, an engineering firm where plaintiff was employed.

    Plaintiff filed her complaint against WHPacific in Thurston County Superior Court on March 23, 2010. WHPacific removed the case to this Court on April 21, 2010. On July 26, 2010, this Court entered an order setting pre-trial dates. In that order, the Court set August 25, 2010, as the deadline for filing any motion to join parties.

    Although the deadline has passed, Plaintiff moves for leave to file an amended complaint under Fed. R. Civ. P. 15, and/or for permissive joinder under Fed. R. Civ. P. 20(a). Plaintiff argues that

ORDER
Page - 1

WHPacific, NDC, and NRC are joint parties in interest.  She also alleges that these corporations jointly imposed personnel policies that discriminated against her because of her disability.  Plaintiff therefore contends that granting her motion will prevent the potential for multiple lawsuits, and that there appears to be no prejudice, expense, or delay that would injure the Defendants. Because the deadline for filing a motion to join parties has passed, Defendants argue that establishing good cause is a prerequisite to granting this Motion and that Plaintiff cannot do so.  Defendants argue that even if Plaintiff could, her amended complaint would be futile because neither NDC nor NRC was her employer.

Fed. R. Civ. P 15(a) permits a party to amend its pleading as a matter of course within 21 days after serving it, or 21 days after a responsive pleading is filed.  After that, the rule directs courts to give leave when justice requires.  Rule 15(a) is liberally construed and courts will grant leave to amend unless doing so would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay.  *See Ascon Properties, Inc. v. Mobil Oil Co.*, 886 F.2d 1149, 1160 (9th Cir. 1989).  The liberal standards of Rule 15(a) are limited by Fed. R. Civ. P. 16, which requires the district judge to enter a scheduling order that limits the time to join other parties and to amend the pleadings.  Once the scheduling order is entered, it controls the proceedings unless modified by the court.  Fed. R. Civ. P. 16(e).

A pretrial scheduling order may be modified only for good cause and with the judge's consent.[1] Fed. R. Civ. P. 16(b)(4); *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D. NC. 1987)(Party seeking to amend pleading after date specified in scheduling order must first show "good cause" for amendment under Rule 16(b)). "Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992).  If the moving party was not diligent, then the inquiry should end. *Id*.

Before August 25th, Plaintiff had the necessary information to add NDC and NRC as defendants. By May 12, 2010, Plaintiff knew that NDC owned WHPacifc, and that NRC owned NDC. [Dkt. 11]. Also, plaintiff knew that NRC approved hiring decisions made by WHPacific. *Id*.  Nonetheless, Plaintiff did not file an amended complaint by August 25th.  Instead, she filed this motion for leave to amend on

---

[1] Plaintiff does not specifically request modification of the pretrial scheduling order.  Instead, she moves for leave to amend her complaint and add defendants. Nonetheless, Rule 16 applies because granting Plaintiff's motion would effectively modify the scheduling order. *See Johnson*, 975 F.2d at 608-609 (Motion to amend complaint made after scheduling order due date was the same as a motion to amend the scheduling order).

ORDER
Page - 2

September 3, 2010, less than two weeks later. Although it was possible for Plaintiff to file an amended complaint earlier, these circumstances do not show a lack of diligence. *See Aldan v. World Corp.*, 267 F.R.D. 346, 358 (N. Mar. I. 2010)(A delay from mid December 2009 to early February 2010 before filing a motion to amend did not demonstrate a lack of diligence, even though the party sought leave to amend after the cut-off date set in the pretrial scheduling order). Therefore, Rule 16(b) does not preclude the Court from modifying the scheduling order. Furthermore, finding good cause in this case does not conflict with the purpose of Rule 16(b), which "was added to the Federal Rules of Civil Procedure in order to facilitate judicial control over a case and to set a schedule for pretrial steps." *C.F. v. Capistrano Unified School Dist.*, 656 F.Supp.2d 1190, 1197 (C.D. CA. 2009). In *Capistrano*, the court allowed a party to amend its pleadings after the pretrial schedule deadline because doing so created no meaningful issues of case management and did not impair the efficient adjudication of the action. *Id.* Here, there will be no issue of case management. Allowing Plaintiff to amend her complaint may actually assist the efficient adjudication of this action because adding NDC and NRC will prevent the potential for multiple lawsuits. For these reasons, Plaintiff has established good cause under Rule 16(b). The remaining issue is whether allowing Plaintiff to amend her complaint is appropriate under Rule 15(a).

As previously noted, Rule 15(a) is liberally construed and courts will grant leave to amend unless doing so would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay. *Ascon Properties,* 886 F.2d at 1160. Defendants argue that Plaintiff's claims against NDC and NRC are futile because neither entity was her direct employer. "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Sweany v. Ada County, Idaho*, 119 F.3d 1385, 1393 (9th Cir.1997) (*quoting Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). Plaintiff argues that she has a valid claim against NDC and NRC because they participated in WHPacific's employment practices.

Two or more businesses may be joint employers covered by FMLA.[2] *See* 29 CFR 825.106. A joint employment status may exist where "the employers are not completely disassociated with respect to the employee's employment and may be deemed to share control of the employee, directly or indirectly,

---

[2] Plaintiff also brings claims under Washington's Law Against Discrimination (RCW 49.60), and the Rehabilitation Act of 1973 (29 U.S.C. § 794). The Court does not decide here whether the "joint employer" rule applies to those claims.

1  because one employer controls ... the other employer." *Id.*; *Moreau v. Air France*, 356 F.3d 942, 946 (9th
2  Cir. 2004). Plaintiff alleges that WHPacific's general staffing issues are processed through NDC and
3  NRC. She also alleges that she participated in a work program organized by NRC during her medical
4  leave. Defendant concedes that NRC owns NDC, which owns WHPacific. These alleged facts could
5  establish a claim based on joint employer status. Therefore, allowing Plaintiff to amend her complaint is
6  not futile. Furthermore, there is no evidence of bad faith, prejudice, or undue delay.

8  Plaintiff's Motion to Amend Complaint [Dkt. #11] is GRANTED.

10  **IT IS SO ORDERED.**

12  DATED this 3rd day of November, 2010.

*/s/ Ronald B. Leighton*
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE